IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 09-cv-01189-WDM-KLM

GERALD SCHLENKER,

    Plaintiff,

v.

CITY OF ARVADA, COLORADO, et al.,

    Defendants.

---

**ORDER ON MOTION TO DISMISS**

---

Miller, J.

This matter is before me on Defendants William Sharp, M.D. ("Dr. Sharp") and Lisa Patel, M.D. ("Dr. Patel") Motion to Dismiss Plaintiff's § 1983 Claims Against Them (doc no 43). Plaintiff opposes the motion. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion will be converted to a motion for summary judgment and Plaintiff shall have 20 days to file a responsive brief.

Background

According to the Plaintiff's First Amended Complaint and Jury Demand ("Complaint") (doc no 70), on or around May 25, 2008, police officers for the City of Arvada received a report of a disturbance at a bar and subsequently forcibly entered the residence of Stephen Vermeer. Complaint ¶ 22. Mr. Vermeer was arrested in connection with the disturbance at the bar. *Id.* ¶ 23. Plaintiff was asleep at Mr. Vermeer's residence when the police entered the home. Id. ¶¶ 26-27. He alleges that the officers awakened him from his sleep

and interrogated him for nearly an hour. *Id.* ¶ 30. The officers believed that Plaintiff was "acting strangely" and attempted to administer a breathalyser test, which Plaintiff refused. *Id.* ¶¶ 34-35. The officers then summoned paramedics to the scene. *Id.* ¶ 36. Plaintiff was restrained on a gurney, subjected to a breathalyser test, and administered medication via an IV. *Id.* ¶ 42. Plaintiff was then transported by ambulance to the emergency room at St. Anthony North Hospital. *Id.* ¶ 43. Medical personnel were told that Plaintiff was acting strangely and requested a medical evaluation. *Id.* ¶ 44. Plaintiff was kept at the hospital for seven hours and, despite his repeated refusals of consent to treatment, subjected to blood and urine tests, psychological assessment, physical examination, and given anti-psychotropic drugs and other drugs. *Id.* ¶ 45. Plaintiff was treated by both Dr. Patel and Dr. Sharp. *Id.* ¶ 47. Plaintiff was discharged from the hospital at approximately 11:00 a.m. *Id.* ¶ 48. Plaintiff was never charged with any crime. *Id.* ¶ 48.

In his Complaint, Plaintiff asserts sixteen claims for relief. Claims 1 - 8 are asserted under 42 U.S.C. § 1983 claiming various violations of Plaintiff's constitutional rights; seven of these eight claims are asserted against all defendants, including Drs. Patel and Sharp. Claims 9-16 are state law tort claims asserted against the defendants associated with the hospital and the paramedic service; six of these eight claims include Drs. Patel and Sharp as defendants. Dr. Patel and Dr. Sharp seek dismissal of the Section 1983 claims against them on the grounds that they are not state actors.

## Standard of Review

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007). Factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff. *United States v. Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*). Under *Iqbal,* a court considering a motion to dismiss may first identify allegations that are no more than conclusions, and therefore not entitled to the assumption of truth. *Id.* at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Then, the court may examine the well-pleaded factual allegations and determine, assuming their veracity, "whether they plausibly give rise to an entitlement to relief." *Id.*

## Discussion

Plaintiff alleges, upon information and belief, that Defendant St. Anthony's Hospital North "contracts with the City of Arvada to provide medical services at the behest of the [Arvada Police Department]." Complaint ¶ 15. Plaintiff therefore asserts that the hospital and its employees were "acting under color of state law" at all times relevant to this action. *Id.* Plaintiff also conclusorily alleges that at all pertinent times, "all of the Hospital Defendants worked in conjunction with the [Arvada Police Department] and the City of Arvada, rendering their acts within the scope of their official duties and employment, under color of state law."

3

In their motion to dismiss, Dr. Sharp and Dr. Patel provide extrinsic evidence that at the relevant time they were employed by a group known as Apex Emergency Group, P.C., which contracts with Catholic Health Initiatives Colorado to provide physicians to work at various hospital emergency departments, including Defendant St. Anthony North Hospital. The evidence further shows that neither Apex nor St. Anthony North is a government entity. These defendants further demonstrate that there is no contract between the City of Arvada and St. Anthony North Hospital, Apex, Dr. Sharp, or Dr. Patel to provide medical services for detainees or inmates.

The only proper defendants in a section 1983 claim are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)). The Tenth Circuit has noted that there are a variety of tests applied to determine whether a private actor's conduct amounts to "state action," identifying the following four tests: (1) "whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself;" (2) whether the state has "so far insinuated itself into a position of interdependence" with the private party that there is a "symbiotic relationship" between them; (3) whether the private party is "a willful participant in joint activity with the State or its agents;" and (4) whether a private entity exercises "powers traditionally exclusively reserved to the State." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) (citations omitted).

Drs. Sharp and Patel assert that since they worked for private entities and "were not subject to the direction or control by state actors in providing care and treatment to

Plaintiff," Plaintiff has failed to allege any basis to show that they are state actors subject to liability under section 1983. Motion to Dismiss (doc no 43) at 4.

Because these defendants have submitted extrinsic evidence, I must decide whether to accept this evidence and convert the motion to a motion for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). If the motion is so converted, all parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Plaintiff urges that I exclude the affidavits and other external evidence and rule on the matter solely as a motion to dismiss.

I conclude that conversion is appropriate in these circumstances. I note that the most salient facts that might establish state action with respect to these Defendants, such as the existence of a contract between the Hospital and the City of Arvada, are pled on information and belief. "Pleading on information and belief is a desirable and essential expedient when matters that are necessary to complete the statement of a claim are not within the knowledge of the plaintiff...." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1224 (3d ed. 2004). It may be, as Defendants assert, that the City of Arvada's contracts are a matter of public record and the existence, or non-existence, of such a contract was ascertainable prior to Plaintiff's initiation of this suit. Plaintiff's other allegations appear to be conclusory and may not meet the *Twombly/Iqbal* standard. Defendants have made a strong showing, via the evidence in their affidavits, that the critical element of action under color of state law is not present here. In the interest of resolving this issue on the merits, I conclude that the evidence presented in the affidavits should be

5

considered. Therefore, I will convert the motion to one for summary judgment and permit Plaintiff time to file a responsive brief.

Accordingly, it is ordered:

1. The Defendants William Sharp, M.D. and Lisa Patel, M.D.'s Motion to Dismiss Plaintiff's § 1983 Claims Against Them (doc no 43) is converted to a motion for summary judgment.

2. Plaintiff may file a responsive brief and affidavits to meet his Rule 56(e) burden within 20 days from date of issuance of this order. Defendants may file a reply brief within 15 days from the date that Plaintiff's response brief is filed.

DATED at Denver, Colorado, on December 9, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge