IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01189-WDM-KLM

GERALD SCHLENKER,

    Plaintiff,

v.

CITY OF ARVADA, COLORADO,
CHARLES J. HUMPHREY, in his individual capacity,
JOSEPH HERTEL, in his individual capacity,
KELLEY SHEEHAN, in his individual capacity,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion to Compel Defendant City of Arvada to Provide Discovery Responses Related to Similar Claims** [Docket No. 163; Filed April 30, 2010] ("Motion to Compel") and **Defendants' Motion to Reduce Fee for Plaintiff's Expert Witness** [Docket No. 168; Filed June 1, 2010] ("Motion to Reduce Expert's Fees"). As a preliminary matter, the Court denied the Motion to Compel without prejudice to Plaintiff asserting it via the Court's discovery dispute resolution procedures. *See Order* [#165] at 1. Plaintiff did so, and the Court heard argument on the disputes at issue in the Motion to Compel on May 25, 2010 and June 11, 2010 [Docket Nos. 166 & 189]. In addition, the Court permitted Defendant City to file a Response to the Motion to Compel on May 26, 2010 [Docket No. 167]. The Court also heard argument on the disputes at issue in Defendants' Motion to Reduce Expert's Fees on June 11, 2010, but no written response was permitted. Having considered the parties' written and oral arguments,

the discovery disputes are now ripe for resolution.

IT IS HEREBY **ORDERED** that the Motion to Compel is **GRANTED** for the reasons set forth below.[1]

Plaintiff seeks information and documents relating to claims asserted against Defendant City that are substantially similar to those at issue in the present case.[2] Specifically, "[t]hrough discovery, Mr. Schlenker has learned that Defendants in this case are also defendants in at least two other lawsuits involving remarkably similar claims." *Motion to Compel* [#163] at 4 (hereinafter the "*Maliszewski* and *Court* lawsuits"). Defendant City objects to producing information related to the *Maliszewski* and *Court* lawsuits because they are not substantially similar to the present case, the investigations are ongoing, and responsive records which are not privileged do not exist at this time. *Response* [#167] at 3-4. Defendant City also contends that Plaintiff already has copies of court records from those lawsuits received from other sources. *Id.* at 4.

The primary issue here appears to be relevance. Whether the information relating to the *Maliszewski* and *Court* lawsuits is relevant is a broad determination, the goal of which is to allow the parties to discover whatever is necessary to prove or disprove their cases. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004); *Cardenas v. Dorel Juvenile Group, Inc.*, 232

---

[1] At the June 11, 2010 hearing, the Court granted the Motion to Compel in part and reserved the remaining issues for ruling via written order. Specifically, I held that "[t]o the extent that the Motion seeks discovery responses relating to *all* claims asserted by Plaintiff against the Defendant City, it is **GRANTED**." *Order* [#189] at 2.

[2] The discovery requests that appear to be at issue here are Interrogatory No. 8 and Document Request No. 13 [Docket No. 163-1].

F.R.D. 377, 382 (D. Kan. 2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citations omitted)). In addition, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As such, discovery cannot be avoided merely because the information or documents sought are likely to be inadmissible. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29-30 (1984); 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2008, at 111-13 & nn.31-33 (2d ed. 1994). If the material sought is relevant to the case and may lead to admissible evidence, it should generally be produced.

I agree with Plaintiff that the information sought relating to the *Maliszewski* and *Court* lawsuits is relevant to his municipal liability claim and should be produced. Defendant City's other objections to production, except for the assertion of privilege, are unavailing. Accordingly,

IT IS FURTHER **ORDERED** that Defendant City must produce all documents and information related to the Internal Affairs investigation which is currently underway involving the conduct at issue in the *Maliszewski* and *Court* lawsuits. To the extent that Defendant City contends that any of this discovery is protected by a legally-recognized privilege, it must provide a privilege log consistent with the requirements set forth in Fed. R. Civ. P. 26(b)(5).

IT IS FURTHER **ORDERED** that Defendant City must produce any other documents and information *currently* in its possession, custody or control relating to the *Maliszewski*

and *Court* lawsuits, including the Colorado Governmental Immunity Act notice, police reports, transcripts, etc. To the extent that Defendant City contends that any of this discovery is protected by a legally-recognized privilege, it must provide a privilege log consistent with the requirements set forth in Fed. R. Civ. P. 26(b)(5).

Plaintiff also seeks complete records relating to claims asserted against any agent of Defendant City involving allegations similar to those at issue in the present case. Specifically, Plaintiff seeks information relating to claims involving eight different types of events – unlawful search and seizure, use of excessive force, deprivation of a liberty interest without due process, invasion of bodily integrity, false arrest or imprisonment, violation of the right to free speech and conspiracy to violate civil rights. *Motion to Compel* [#163] at 7. Defendant City objects to producing documents and information (beyond what has already been produced) for various reasons, including that there is no factual support for requesting claims related to certain alleged events. *Response* [#167] at 5-6.

Again, the primary issue here appears to be relevance. I agree with Plaintiff that the information sought relating to similar claims is relevant to his municipal liability claim and should be produced. Defendant City's other objections to production are unavailing. Accordingly,

IT IS FURTHER **ORDERED** that Defendant City must produce all documents and information relating to any of the eight claims made by Plaintiff which have been asserted against Defendant City by third parties. As no objection to privilege has been raised in response to the Motion to Compel, this information must be produced in its entirety. Although Defendant City appears to raise a confidentiality issue, see *Response* [#167] at 5-6, it failed to substantiate this concern or explain why production of these documents

could not be protected by the Stipulated Protective Order entered in this case [Docket No. 98]. Therefore, the documents shall be produced without redaction.

IT IS FURTHER **ORDERED** that Defendant City shall comply with this Order on or before **July 13, 2010**, and that the discovery deadline is extended to that date for this purpose.

IT IS HEREBY **ORDERED** that the Motion to Reduce Expert's Fees is **GRANTED in part and DENIED in part** for the reasons set forth below.

Defendants object to the fees being charged by Plaintiff's police practices expert to take his deposition. Specifically, Plaintiff's police practices expert, Michael D. Lyman, Ph.D., is charging two flat fees: $2300 for his deposition and $2300 for his travel expenses to travel from Columbia, Missouri to Kansas City, Missouri. *Motion to Reduce Expert's Fees* [#168] at 2. Defendants contend that flat fees are not reasonable and that Dr. Lyman's hourly rate of $200/hour being charged to Plaintiff should apply. *Id.* By contrast, Plaintiff asserts that Dr. Lyman's fees are reasonable and in line with those being charged by similar experts with similar experience.

The Court's authority to reduce the fee charged by an expert witness for a deposition is derived from Fed. R. Civ. P. 26(b)(4)(C). *See also Grady v. Jefferson County Bd. of County Comm'rs*, 249 F.R.D. 657, 662 (D. Colo. 2008) (noting that court is "the gatekeeper against excessive windfall billing"). Specifically, courts in this district utilize a seven-factor test for determining whether an expert's deposition fee is reasonable:

    (1) the witness' area of expertise;
    (2) the education and training required to provide the expert opinion;
    (3) the prevailing rates of comparable experts;
    (4) the nature, quality and complexity of the discovery responses provided;

(5) the fee being charged by the expert to the party retaining him;
(6) the fees traditionally charged by experts in related fields; and
(7) any other factor likely to assist the court in balancing the interests of Rule 26.

*U.S. Energy Corp. v. NUKEM, Inc.*, 163 F.R.D. 344, 345-46 (D. Colo. 1995). A reasonable rate is not what the market will bear, but what is reasonable under the circumstances. *Id.* at 346-47. It is the party whose expert is seeking reimbursement who bears the burden of establishing that the charged fee is reasonable. *Fiber Optic Designs, Inc. v. New England Pottery, LLC*, 262 F.R.D. 586, 589 (D. Colo. 2009).

At the hearing, Plaintiff presented compelling evidence regarding the deposition fee being charged by Dr. Lyman in relation to the fees charged by other experts of comparable experience and education. Considering Dr. Lyman's expertise, training and experience, as well as the fees of comparable experts, I find that Dr. Lyman's $2300 deposition fee is reasonable. Further, although the field of police practices is not particularly complex, I note that Dr. Lyman will charge the same flat fee to Plaintiff for his trial testimony. To the extent that Defendants cite *Massasoit v. Carter*, 227 F.R.D. 264, 266 (M.D.N.C. 2005) in support of their position, the court in that case specifically distinguished its holding in circumstances where the expert had to travel. *Id.* at 267 & n.3 (recognizing that while flat fee may be unreasonable when expert is deposed at his place of business, flat fee may be reasonable where deposition is in location chosen by counsel). Accordingly, the Motion is **denied** to the extent that Defendants seek to reduce Dr. Lyman's $2300 deposition fee.

However, little to no evidence was provided by Plaintiff as to the reasonableness of Dr. Lyman's travel fee. Despite Plaintiff's contention that this fee could be ameliorated by Defendants agreeing to depose Dr. Lyman in Columbia, Missouri or via video conference, neither speaks to whether Dr. Lyman's travel fee is reasonable. In addition, Defendants

are entitled to depose Plaintiff's expert how and where they choose without being subjected to unreasonable rates. Here, Dr. Lyman testified that it is two hours by car to travel from Columbia, Missouri to Kansas City, Missouri, or four hours round trip. On its face, the fee of $2300 for this travel is unreasonable, and Plaintiff has not offered sufficient evidence to the contrary. Because I find that Plaintiff failed to show that Dr. Lyman's travel rate, on top of his deposition rate, is reasonable, the Motion is **granted** to the extent that Defendants seek to reduce Dr. Lyman's $2300 travel fee. Accordingly,

IT IS FURTHER **ORDERED** that Defendants shall compensate Dr. Lyman for his deposition at the rate of $2300.

IT IS FURTHER **ORDERED** that Defendants shall compensate Dr. Lyman for his travel at the rate of $200/hour, plus $.50/mile. If the deposition is scheduled to begin before 10:00 a.m., Defendants shall also compensate Dr. Lyman for his expenses, including reasonable meals and lodging.

The Court clarifies the discovery deadlines that are now set in this case. Pursuant to my Order of June 2, 2010, Defendants' deadline to conduct the Rule 35 examination of Plaintiff is **June 30, 2010** [Docket No. 176]. Pursuant to this Order, Defendant City's deadline to propound the discovery at issue here is **July 13, 2010**. Finally, pursuant to my Order of June 2, 2010, Defendants' deadline to depose Dr. Lyman is **July 16, 2010** [Docket No. 177].

Dated: June 16, 2010

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge