IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01189-WDM-KLM

GERALD SCHLENKER,

    Plaintiff,

v.

CITY OF ARVADA, COLORADO,
CHARLES J. HUMPHREY, in his individual capacity,
JOSEPH HERTEL, in his individual capacity,
KELLEY SHEEHAN, in his individual capacity,

    Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion for Attorney's Fees** [Docket No. 195; Filed June 30, 2010] (the "Motion"). Defendant Arvada filed a Response in opposition to the Motion on July 8, 2010 [Docket No. 198]. Because a reply would not materially assist the Court in resolving Plaintiff's Motion, I deem the Motion to be ripe for review. *See* D.C.COLO.LCivR 7.1C.

    On June 16, 2010, I issued an Order compelling Defendant Arvada to produce documents and information responsive to discovery requests propounded in September 2009 [Docket No. 190]. Specifically, I found that the discovery materials were relevant and that Defendant Arvada had failed to justify its refusal to produce them. *Order* [#190] at 3-5.

    Pursuant to the Motion, Plaintiff seeks an award of the attorneys' fees accumulated in successfully challenging Defendant Arvada's refusal to produce the discovery materials at issue in the earlier dispute. *Motion* [#195] at 2. Specifically, Plaintiff contends that Fed.

R. Civ. P. 37(a)(5)(A) makes an award of attorneys' fees mandatory when a party successfully challenges the opposition's failure to comply with discovery requests. *Id.* Although Rule 37(a)(5)(A)(i)-(iii) contains exceptions which dilute the mandatory nature of the award, Plaintiff argues that none of the exceptions are applicable here. *Id.*

Defendant Arvada counters that although the Court ultimately determined that the disputed discovery had to be turned over, its initial refusal was reasonable. *Response* [#198] at 2-3. Therefore, Defendant Arvada contends that pursuant to Rule 37(a)(5)(A)(ii), because its position was "substantially justified," attorneys' fees are inappropriate. *Id.* at 4-5.

Upon consideration of the history of the dispute and the parties' positions,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in part**. To the extent that Plaintiff seeks the fees associated with resolving this discovery dispute, including the fees associated with filing this Motion, the Motion is **granted**. To the extent that Plaintiff seeks leave to supplement its fees to include future expenses, the Motion is **denied**. My ruling is explained below.

Simply, I disagree with Defendant Arvada that its refusal to turn over the disputed discovery materials was substantially justified. Documents and information regarding similar citizen complaints are clearly relevant to the conduct at issue here, particularly to Plaintiff's municipal liability claim. *See, e.g.*, Fourhorn v. City & County of Denver, No. 08-cv-01693, 2009 WL 2407569, at *4 (D. Colo. Aug. 3, 2009) (unpublished decision). To the extent that Defendant contends that its position was nevertheless justified because some of the discovery requested pertained to ongoing investigations, it failed to provide any legal

2

basis for such a position. Accordingly, I find that it was unreasonable to withhold the discovery based on this unsupported theory. Further, because the definition of relevance is broadly construed for purposes of seeking discovery, Defendant Arvada's position that the discovery sought had to be more closely "linked" to the conduct at issue here, rather than merely similar, was likewise an unreasonable position. *See generally Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citations omitted)). Because I find that Defendant Arvada's refusal to turn over the discovery in a timely manner was unreasonable and, therefore, not substantially justified, an award of attorneys' fees pursuant to Rule 37(a)(5)(A) is mandatory.

IT IS FURTHER **ORDERED** that Plaintiff is awarded **$9,030.50** in fees.[1] I note that Defendant Arvada failed to object to the reasonableness of Plaintiff's fee calculation or make any argument related thereto. Regardless, I have reviewed Plaintiff's affidavit and billing statement and find the hours and rates to be reasonable [Docket Nos. 195-1 & 195-3]. Moreover, I credit the good faith effort made by Plaintiff to reduce expenses that were unnecessary or excessive. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In addition, I agree that Plaintiff is entitled to the fees accumulated to prosecute the present Motion. *See Love v. Mayor, City of Cheyenne, Wyo.*, 620 F.2d 235, 237 (10th Cir. 1980). However, I note that the fees expended to prepare and file the Motion are already reflected in the billing records submitted by Plaintiff [Docket No. 195-3 at 1]. Accordingly,

---

[1] This figure represents 35.5 hours expended from April to June, 2010: 4.3 hours at $450.00; 7.2 at $400.00; 13.7 at $225.00; and 10.3 at $110.00.

IT IS FURTHER **ORDERED** that no additional supplementation of Plaintiff's fees shall be permitted.

Dated: July 19, 2010

                                                                         BY THE COURT:
                                                                          s/ Kristen L. Mix
                                                                         U.S. Magistrate Judge